UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG - 5 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | |
|---|---|
| STANLEY LORENZO WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 21-1827 (UNA) |
| ) | |
| UNITED STATES OF AMERICA *et al.*, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION

Plaintiff, appearing *pro se*, has filed a Complaint against twenty-one members of the U.S. House of Representatives, ECF No. 1, and an Application to proceed *in forma pauperis*, ECF No. 2. The Application will be granted, and the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of a case upon a determination that the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

Plaintiff is a resident of Wilmington, North Carolina. He accuses the Congressional defendants, including Minority Leader Kevin McCarthy, of dereliction of duty, breach of duty, abuse of power, negligence, misfeasance, and "other civil rights violations" for "independently and jointly vot[ing] not guilty" during the second impeachment of former President Donald Trump. Compl. at 2, 7. The gist of the claims is that

> each named defendant supported the ex-president's unlawful conduct shown via Trump's Insurrection, and, as a result, having arbitrarily imposed infringements upon the plaintiff's liberty and having unlawfully continued the unwarranted restraints of fear and the imposed threatened injury, resulting in the interference of plaintiff's liberty, the right not to live in fear.

1

*Id.* at 2.  Plaintiff seeks monetary damages exceeding $40 million and injunctive relief that includes "restraining and disqualifying" McCarthy "from forever becoming the House Speaker and running for the position of the United States President[.]"  *Id.* at 22-23.

A "*in forma pauperis* complaint is properly dismissed as frivolous . . . if it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted."  *Crisafi v. Holland* 655 F.2d 1305, 1308 (D.C. Cir. 1981).  Under the Constitution's Speech or Debate Clause, U.S. CONST. art. I, § 6, cl. 1, members of Congress "enjoy absolute immunity from suit for their conduct in the legislative arena."  *Rangel v. Boehner*, 785 F.3d 19, 21 (D.C. Cir. 2015); *see Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 415 (D.C. Cir. 1995) ("The Clause confers on Members of Congress immunity for all actions within the legislative sphere, even though their conduct, if performed in other than legislative contexts, would in itself be unconstitutional or otherwise contrary to criminal or civil statutes") (cleaned up)).  The alleged conduct and certain requested relief fall squarely within Defendants' legislative duties and powers.  *See* U.S. CONST. art. I, § 2, cl. 5 ("The House of Representatives shall choose their Speaker and other Officers; and shall have the sole Power of Impeachment.").  Therefore, this case will be dismissed.  A separate order accompanies this Memorandum Opinion.

DATE:  August 4, 2021

CARL J. NICHOLS  
United States District Judge